

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,374-01 & -02 & -03 & -04

### EX PARTE FRED RODRIGUEZ, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. D-42,913-A & D-42,914-A & D-42,915-A & D-42,916-A IN THE 358TH DISTRICT COURT FROM ECTOR COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON, J. joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and three counts of aggravated assault with a deadly weapon. Applicant was sentenced to twelve years' imprisonment, in each case, to run concurrently. He did not appeal his convictions.

Applicant contends that his plea was involuntary because he was not competent, his counsel coerced Applicant into pleading guilty, and he was not provided an interpreter. Applicant has

alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 14, 2016
Do not publish